| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>**Ure Law Firm**<br>**811 Wilshire Blvd, Suite 1000**<br>**Los Angeles, CA  90017**<br>**213-202-6070 Fax: 213-202-6075**<br>**Thomas B. Ure                                          SBN 170492**<br>**TBUesq@aol.com**<br>**David S. Shevitz                                    SBN 271917**<br>**David@urelawfirm.com**<br><br>☐ *Debtor(s) appearing without attorney*<br>☒ *Attorney for*: Debtors | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**APR 21 2014**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** sumlin    **DEPUTY CLERK** |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA –**<u>Los Angeles</u> **DIVISION**

| In re:<br><br>DEREK LEE FINNEY AND DANIELLE HELENE FREDERICK,<br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:13-bk-32119-NB<br>CHAPTER: 13<br><br>**ORDER   ☒ GRANTING   ☐ DENYING**<br>**MOTION TO AVOID JUNIOR LIEN**<br>**ON PRINCIPAL RESIDENCE**<br>**[11 U.S.C. § 506(d)]**<br><br>DATE: April 17, 2014<br>TIME: 2:00 p.m.<br>COURTROOM: 1545<br>PLACE: 255 East Temple Street, Los Angeles, CA 90012 |
|---|---|

**Creditor Holding Junior Lien** (*name*): BUSINESS FUNDS, INC. AS AGENT FOR GEORGE EISLER, TRUSTEE OF THE EISLER INTERVIVOS TRUST AND PHYLLIS WAYNE

1. The Motion was:        ☒ Opposed        ☐ Unopposed        ☐ Settled by stipulation
2. The Motion affects the junior trust deed(s), mortgage(s), or other lien(s) encumbering the following real property (Subject Property), which is the principal residence of Debtor:

    *Street Address*:  1294 North Mar Vista Avenue
    *Unit Number*:
    *City, State, Zip Code*:  Pasadena, CA 91104

Legal description or document recording number (*including county of recording*):
**LOT 195 OF THE WASHINGTON SQUARE REPLAT, IN THE CITY OF PASADENA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 11, PAGE 184 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.**
☐ See attached page
//

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                                                        Page 1                                                        F 4003-2.4.JR.LIEN.ORDER

3. The Subject Property is subject to the following deed(s) of trust, mortgage(s) or other lien(s) in the amounts specified securing the debt against the Subject Property, which will be treated as indicated:

   a. Holder of 1st lien *(name)* **BANK OF AMERICA, N.A. serviced by NATIONSTAR MORTGAGE, LLC, Attn: Bankruptcy Department, P.O. BOX 630267, IRVING, TX 75063** in the amount of $ 556,225.91.

   b. Holder of 2nd lien *(name)* **BUSINESS FUNDS, INC., AS AGENT FOR GEORGE EISLER, TRUSTEE OF THE EISLER INTERVIVOS TRUST AND PHYLLIS WAYNE, C/O: Labowe, Labowe & Hoffman, LLP, 1631 W. Beverly Blvd. 2nd Floor, Los Angeles, CA 90026** in the amount of $ *152,202.00*.
   ☒ is    ☐ is not    to be avoided;

   c. Holder of 3rd lien *(name)* _____ in the amount of $ _____.
   ☐ is    ☐ is not    to be avoided;

   ☐ See attached page for any additional encumbrance(s).

4. The Motion is:

   a. ☐ DENIED    ☐ with    ☐ without    prejudice, on the following grounds:
      (1) ☐ Based upon the findings and conclusions made on the record at the hearing
      (2) ☐ Unexcused non-appearance by Movant
      (3) ☐ Lack of proper service
      (4) ☐ Lack of evidence supporting motion
      (5) ☐ Other *(specify)*:

   b. ☒ GRANTED on the following terms:
      (1) The Subject Property is valued at no more than *(determined value)* $ 545,000.00 based on adequate evidence.
      (2) This avoidance of the respondent's junior lien is effective upon: ☒ completion of the chapter 13 plan, or ☐ receipt of a chapter 13 discharge in this case.
      (3) Before the discharge, no payments are to be made on the secured claim of the junior lienholder; maintenance payments are not to be made.
      (4) The claim of the junior lienholder is to be treated as an unsecured claim and is to be paid through the plan pro rata with all other unsecured claims.
      (5) The junior lienholder's claim on the deed of trust, mortgage or lien shall be allowed as a non-priority general unsecured claim in the amount per the filed Proof of Claim. The junior lienholder is not required to, but may file an amended Proof of Claim listing its claim as an unsecured claim to be paid in accordance with the Debtor's chapter 13 plan. If an amended claim is not filed, the trustee may treat any claim on the debt (secured or unsecured) filed by the junior lienholder as unsecured upon entry of this order.
      (6) The avoidance of the junior lienholder's deed of trust, mortgage or lien is contingent upon: ☒ completion of the chapter 13 plan, or ☐ receipt of a chapter 13 discharge.
      (7) The junior lienholder shall retain its lien in the junior position for the full amount due under the corresponding note and deed of trust, mortgage or lien in the event of either the dismissal of the Debtor's chapter 13 case, the conversion of the Debtor's chapter 13 case to any other chapter under the Bankruptcy Code, or if the Subject Property is sold or refinanced prior to the Debtor's ☒ completion of the chapter 13 plan, or ☐ receipt of a chapter 13 discharge.

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                                        Page 2                                        **F 4003-2.4.JR.LIEN.ORDER**

(8) In the event that the holder of the first deed of trust or any senior lien on the Subject Property forecloses on its interest and extinguishes the junior lienholder's lien rights prior to the Debtor's ☒ completion of the chapter 13 plan, or ☐ receipt of a chapter 13 discharge, the junior lienholder's lien shall attach to the proceeds greater than necessary to pay the senior lien, if any, from the foreclosure sale.

(9) ☒ See attached continuation page Exhibit 1 for additional provisions.

###

Date: April 21, 2014

Neil W. Bason
United States Bankruptcy Judge

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                                Page 3                                F 4003-2.4.JR.LIEN.ORDER

EXHIBIT 1

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Thursday, April 17, 2014**                                                                  **Hearing Room    1545**

<u>2:00 PM</u>
**2:13-32119**    **Derek Lee Finney and Danielle Helene Frederick**                 **Chapter 13**

    **#9.00**     Hrg. re: Motion to avoid junior
lien on principal residence with
Business Funds, Inc. as agent for
George Eisler, Trustee of the Eisler
Intervivos Trust and Phyllis Wayne

                                   Docket     59

**Tentative Ruling:**

      Grant the motion. <u>Appearances are not required</u> and, although this court usually permits the tentative ruling to be challenged (pursuant to procedures posted at www.cacb.uscourts.gov, "Judges," "Bason, N.," "Instructions/Procedures," "Procedures," in the section labeled "Tentative rulings"), this court will not permit any such challenge in this instance. Pursuant to LBR 9021-1(b)(1)(B), movant must serve and lodge a proposed order via LOU within 7 days after the hearing date, and the proposed order should incorporate this tentative ruling by including it as an exhibit.
      *Reasons:* This court has reviewed the response filed by the junior lienholder (dkt. 70) which argues, without citation, that the motion is premature and that certain specified language should be included in any order granting the motion. The response is not persuasive.
      (1) <u>The motion is not premature</u>. Before the debtors make five years of payments they (and all other parties in interest) should know the actual terms of the plan including whether, if the debtors succeed in completing their plan payments, the junior lien will continue to encumber their property.
      (2) <u>No reason to depart from standard order</u>. The junior lienholder has failed to explain why there is any reason to depart from the standard form of order used in this district to grant motions of the type at issue. Supposing for the sake of argument that the junior lienholder might be able to present a reason why the language that it proposes might be marginally better than the standard language used by the judges of this district - which this court does not concede - any such argument has been waived by not making it in the response.
      (3) <u>No opportunity for oral argument</u>. Based on the foregoing and the documents and records in this case, this court has determined that this matter

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Thursday, April 17, 2014**                                                                                          Hearing Room    1545

**2:00 PM**
**CONT...    Derek Lee Finney and Danielle Helene Frederick**                                                 **Chapter 13**
should be decided on the filed documents without the opportunity for oral argument. This court's reasons are as follows.

In the past this court has given the junior lienholder the benefit of the doubt and has presumed that its objections, although sometimes apparently interposed without sufficient due diligence as to the law or the facts, have not been presented for an improper purpose. This court has noted on the record, however, that *some* of the junior lienholder's acts could be interpreted as part of a tactic to increase the costs of litigation needlessly, so as to prevail not on the merits but instead by causing the debtors to run out of funds to litigate objections that lack merit.

Whether or not that is true of the junior lienholder's prior acts (an issue that is not presently before this court), this court is persuaded that permitting any oral argument on its latest response (dkt. 70) would needlessly increasing litigation costs. Accordingly, no oral argument will be permitted.

### Party Information

**Debtor(s):**

Derek Lee Finney                                                                                 Represented By
                                                                                                 Thomas B Ure

**Joint Debtor(s):**

Danielle Helene Frederick                                                                        Represented By
                                                                                                 Thomas B Ure

**Movant(s):**

Danielle Helene Frederick                                                                        Represented By
                                                                                                 Thomas B Ure

Derek Lee Finney                                                                                 Represented By
                                                                                                 Thomas B Ure

**Trustee(s):**

Kathy A Dockery (TR)                                                                             Pro Se